UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| TRANSCONTINENTAL INSURANCE COMPANY | CIVIL ACTION |
| VERSUS | NO. 06-2516 |
| GUICO MACHINE WORKS, INC. | SECTION "N" (2) |
| c/w | |
| GUICO MACHINE WORKS, INC. | CIVIL ACTION |
| VERSUS | NO. 06-3184 |
| TRANSCONTINENTAL INSURANCE CO., ET AL. | SECTION "N" (2) |

## ORDER AND REASONS

Presently before the Court is Transcontinental Insurance Company's Motion for Summary Judgment (Rec. Doc. No. 73).  Transcontinental Insurance Company (TIC) contends that its policy (CNA Policy Number B 2066467720) provides no coverage for the property damage claims asserted thereunder by the insured, Guico Machine Works, Inc. ("Guico").[1]  TIC additionally urges dismissal of Guico's claims for statutory penalties and bad faith damages under La. R.S. 22:658 and La. R.S. 22:1220.  As explained herein, **IT IS ORDERED** that the motion is **GRANTED IN PART** and **DENIED IN PART.**

---

[1] The policy is attached as Exhibit A to TIC's memorandum in support of motion for summary judgment (Rec. Doc. No. 73-5).  Individual pages of the policy are identified herein by the assigned Bates number.

TIC's motion is denied insofar as it seeks a ruling that the policy's Windstorm Exclusion operates to preclude coverage for any and all claims asserted by Guico for damages suffered by its building and equipment found at the insured location, *i.e.*, 1170 Destrehan Avenue, Harvey, Louisiana. While both parties' experts agree that the force and pressure of Hurricane Katrina's winds caused cinder blocks from the neighboring building to fall upon and damage Guico's building, the Court is not convinced that that conclusion is determinative of all of Guico's claims as a matter of law. Rather, the Court finds a triable issue exists as to the applicability of the exception to the Windstorm Exclusion set forth in TIC's policy endorsement, which provides:

> But if Windstorm or Hail results in a cause of loss other than rain, snow, sand or dust, and that resulting cause of loss is a Covered Cause of Loss, we will pay for the loss or damage caused by such Covered Cause of Loss. For example, if the Windstorm or Hail damages a heating system and fire results, the loss or damage attributable to the fire is covered subject to any other applicable policy provisions.[2]

Specifically, the Court finds Section D (1)(a)(1) and Section F (2)(a) of the TIC policy, addressing "Additional Coverages", and, defining "Specified Causes of Loss," to be sufficiently ambiguous to allow the trier of fact to reasonably conclude that Hurricane Katrina's winds caused "falling objects" from the neighboring building to bring about the "collapse" of part of Guico's Destrehan Avenue building.[3]

Turning to the damages for which Guico seeks payment of insurance benefits, TIC's motion for summary judgment is granted with respect to "loss or damage caused by or resulting from rust . . . " or "dampness . . . of atmosphere" based on the exclusions set forth in Sections B(2)(d)(2)

---

[2] *See* Policy (Rec. Doc. No. 73-5) at CNA00548.

[3] *See* Policy (Rec. Doc. No. 73-5) at CNA00573 and CNA00576.

and (7) of the policy.[4]  Although these exclusions clearly would apply to an insured's failure to maintain and protect its property from rain and humidity under ordinary circumstances, the language of the exclusion is not so limited.  Nor is it ambiguous.  Rather, it simply excludes *all* loss or damage from rust or dampness of atmosphere.

Given the value and nature of Guico's equipment that was exposed to outside elements following the damage to its building, it reasonably could have sought out an insurance policy that either did not contain these exclusions, or included an exception when these particular causes of loss occurred as a natural and foreseeable result of a covered cause of loss.  Unfortunately, it did not do so when it procured the TIC policy.  Thus, in the absence of authority declaring such a limitation on coverage to be unlawful, the Court must enforce the terms of the parties' contract.

Finally, given the foregoing rulings, the Court grants TIC"s motion relative to Plaintiff's requests for penalties and statutory penalties and bad faith damages under La. R.S. 22:658 and La. R.S. 22:1220 except with respect to TIC's interpretation and application of the Windstorm Exclusion to Guico's claim.

The Court's rulings favorable to Guico are without prejudice, of course, to the Court's consideration of a motion made pursuant to Rule 50 of the Federal Rules of Civil Procedure following the submission of evidence at trial**.**

New Orleans, Louisiana, this  17th   day of September 2008.

_____
KURT D. ENGELHARDT
UNITED STATES DISTRICT JUDGE

---

[4]  *See* Policy (Rec. Doc. No. 73-5) at CNA00569-570.